# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | **Crim. No. 95-154-8 (TFH)** |
| vs. ) | |
| ) | |
| ) | |
| **GERALD SMITH,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum Opinion**

Pending before the Court are (i) Mr. Smith's *Pro Se* Motion to Vacate, Set Aside, or Correct Illegal Sentence pursuant to 28 U.S.C. § 2255 (the "Habeas Motion") [Dkt. # 568], and (ii) the Government's Motion to Dismiss the Habeas Motion (the "Motion to Dismiss") [Dkt. # 581]. After a careful review of the motions and the record of this case the Habeas Motion will be denied and the Motion to Dismiss will be granted.

I. **Background**

On July 7, 1995, the defendant was charged in an eight-count indictment with various charges stemming from his involvement in the so-called "Fern Street Crew," a violent organization responsible for distribution of drugs in both the District of Columbia and Maryland as well as murder in furtherance of the drug conspiracy. On January 19, 1996, defendant was charged in a superseding indictment. Following a jury trial, on August 8, 1996 the jury found the defendant guilty on all counts.

On September 9, 1996, the defendant filed a motion for judgment of acquittal and/or motion to set aside the verdict and grant a new trial. The court held a hearing on the motion on October 23, 1996, and subsequently denied the defendant's motion in a memorandum opinion and order issued November 4, 1996.

On November 25, 1996, the Honorable Stanley Sporkin sentenced Mr. Smith to an aggregate term of incarceration of life, plus 65 years to be served consecutively. Mr. Smith appealed, and his convictions were affirmed on March 10, 1998. *United States v. Calvin Sumler*, 136 F.3d 188 (D.C. Cir. 1998). Mr. Smith's Petition for Writ of Certiorari to the United States Supreme Court was denied on October 5, 1998. *Gerald Smith v. United States*, 525 U.S. 907 (1998).

On March 15, 2004, more than five years after his convictions became final, defendant filed this *pro se* Habeas Motion. Defendant subsequently filed a Motion for Leave to File Supplemental and or Amended 28 U.S.C. § 2255 motion, based on a new rule of law, namely *United States v. Booker*, 543 U.S. 220 (2005). The Court denied this subsequent motion on January 26, 2009. In his Habeas Motion, Mr. Smith argues that his trial and appellate counsel were ineffective and that the Court abused its discretion during the trial and sentencing. Habeas Motion at 7.

### II. The Habeas Motion is Time-Barred

Motions made pursuant to 28 U.S.C. § 2255 must be filed within one year running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Mr. Smith's conviction became "final" when the Supreme Court denied his petition for writ of certiorari on October 5, 1998. *Clay v. United States*, 537 U.S. 522, 527 (2003). Mr. Smith never claims that the government created any impediment that prevented him from filing this motion. The Habeas Motion is not the result of any right newly recognized by the Supreme Court since his trial, and the facts that Mr. Smith uses to support his Habeas Motion were all known to him or could have been easily discovered even at the time of sentencing and appeal.

Further, while the D.C. Circuit has yet to decide whether the one-year deadline in 28 U.S.C. § 2255(f) is subject to equitable tolling, this case does not warrant such tolling because Mr. Smith "cannot demonstrate that 'extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time.'" *United States v. Pollard*, 416 F.3d 48, 56 (D.C. Cir. 2005) (quoting *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000)).

The Habeas Motion is therefore time-barred. In the Habeas Motion Mr. Smith also requests an evidentiary hearing regarding his *habeas* claims and that the Court appoint counsel to assist him in connection with that hearing. Because "the motion and the files and records of the case conclusively show that [Mr. Smith] is entitled to no relief" the Court denies the request for an evidentiary hearing. 28 U.S.C. § 2255(b). Further, because the Court will dismiss the Habeas Motion, the Court sees no reason to appoint counsel to assist with these claims at this time.

## III. Conclusion

The Habeas Motion will therefore be denied, along with Mr. Smith's requests for an evidentiary hearing and for appointment of counsel. The Motion to Dismiss will be granted. An appropriate order shall accompany this memorandum opinion.

**SO ORDERED.**

February 2, 2011

Thomas F. Hogan
UNITED STATES DISTRICT JUDGE

COPIES TO:

Gerald Smith
#20086-016
U.S.P. Atwater
P.O. Box 019001
Atwater, CA 95301

- 4 -